JzLOTTINGER, Chief Judge.
This action was filed in the Nineteenth Judicial District Court to obtain judicial review of an administrative appeal to the City of Baton Rouge/Parish of East Baton Rouge (the City/Parish) upholding the termination of plaintiffs employment due to a positive drug test. The district court reversed the decision of the City/Parish Personnel Board and ordered plaintiff reinstated to his previous employment and position with the City/Parish. The City/Parish appeals.
Plaintiff, Charley Jones, was employed by the City/Parish as a lab technician at the Waste Water Treatment Facility. His job was classified as a safety and security sensitive position. On December 6, 1995, Jones was selected for a random drug and alcohol test as provided for by City/Parish Ordinance Number 9877. On December 8, 1995, the National Laboratory Center prepared a report which indicated a positive result for eannabinoids (marijuana) in the urine sample supplied by Jones.
After a pre-termination hearing, the Department of Public Works (the Department) terminated Jones’ employment. Jones appealed to the City/Parish Personnel Board. There he did not challenge the validity of the test or the procedures used; rather, he merely alleged that he did not voluntarily ingest any illegal substances, but that his ex-girlfriend had placed drugs in his drink on several different occasions.[1] Rejecting the argument that, because he did not knowingly use the drug, he should not be terminated, the Personnel Board upheld the decision of the Department.
Jones appealed that decision to the Nineteenth Judicial District Court. After hearing arguments, the district court, upon finding that the City/Parish Personnel Board had acted arbitrarily and capriciously, reversed the decision of the City/Parish Personnel Board and reinstated the plaintiff to his former position as a laboratory technician.
City/Parish Ordinance Number 9877 specifically allows the City/Parish to perform random drug and alcohol testing of City/Parish employees who occupy safety or security sensitive positions. Section 8:7(C) of that ordinance states that the City/Parish shall dismiss any employee who reports for work or performs work with a sufficient amount of alcohol in his orjjher blood, or anabolic steroids, marijuana, cocaine, amphetamines, opiates, or phencyclidine, or metabolites of these classes of drugs, in his of her urine to result in a positive test.
Dismissal upon a positive drug test is mandatory under the ordinance. Jones does not contest the test results. However, Jones contends he did not knowingly or intentionally ingest the prohibited substance.
A thorough review of the record leaves this court with the impression that at both the *677 pre-termination hearing as well as at the appeal to the City/Parish Personnel Board, the decision of termination was based on one of no discretion to accept a valid excuse for a positive show of illegal drugs other than á defective test. Skip Breeden, Safety, Health and Training Officer for the Department, testified he believed Charles Jones’ friend’s testimony that she slipped marijuana in his drink without his knowledge. The Personnel Board found Jones was a person of “high quality, excellent rating, good reputation, an outstanding worker and ... may be the unfortunate victim of circumstances where he ... ingested into his system something that he did not voluntarily ingest.” While sympathetic with Jones, it also stated, “we know we would feel — equity would say that Mr. Jones should not be terminated. I think we are constrained by law that the ordinance says he did have it in his system, and-we would have to uphold the termination.”
We are of the opinion that the City/Parish Council in adopting the ordinance and any amendment thereto never intended that Ordinance No. 9877 take such a one sided approach. Otherwise, if an employee is held down by force and administered the illegal drugs, he would be terminated when[1] he tests positive. No one seemed to question the truthfulness of the explanation of how drugs got into Jones’ system. He did not knowingly or intentionally use an illegal drug. To argue otherwise would make the ordinance unreasonable in its application.
For the foregoing reasons, the judgment of the district court is affirmed. Costs are assessed against the City/Parish in the amount of $560.30.
AFFIRMED.
FOGG, J., dissents.

. The ex-girlfriend had appeared at Jones’ pre-termination hearing that was held by the Department. At the pre-termination hearing, she testified that she had placed marijuana pills in Jones' drink.